United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————

No. 04-60734
Summary Calendar

——————————

ZAFAR MAHMOOD; NAGHAMA BEGUM;
FAHAD ZAFAR; NASMIN ZAFAR,

Petitioners,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 567 231
BIA No. A78 567 232
BIA No. A78 567 233
BIA No. A78 567 234
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges

PER CURIAM:*

Zafar Mahmood ("Mahmood"), his wife, Naghama Begum ("Begum"),
and their two sons, Fahad and Nasim Zafar, all of whom are
nationals and citizens of Pakistan, petition for review of an order
from the Board of Immigration Appeals ("BIA") affirming the
immigration judge's ("IJ") decision to deny their application for
withholding of removal under the Immigration and Nationality Act

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("INA") and withholding of removal under the Convention Against Torture ("CAT") and to grant their application for voluntary departure.

The respondents contend that they are entitled to withholding of removal under the INA because Mahmood's treatment by police at two Pakistan People's Party ("PPP") rallies in 1974 constituted persecution on account of his political views. Mahmood testified that police hit him with a wooden stick and kicked him in the back during the first rally and shot in his direction at both rallies. However, because Mahmood did not indicate that his beating was severe or that he required medical attention after the beating and because there is no indication that police singled Mahmood out based on his identity, his treatment by police did not amount to persecution. See Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996). Furthermore, Mahmood did not encounter any further problems with police either before his departure from Pakistan in 1976, during his visits to Pakistan while he lived in Saudi Arabia, or during his subsequent four-year stay in Pakistan until his departure for the United States in 1992, and he did not testify that he feared persecution upon his return to Pakistan. Accordingly, the respondents have not shown that a reasonable factfinder would be compelled to find that Mahmood's experiences were sufficient to establish a clear probability of future persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

The respondents also argue that they are entitled to withholding of removal under the CAT because Mahmood's treatment during the rallies and Mahmood's brother's treatment by police amounted to torture and it is more likely than not that Mahmood will be tortured upon his return to Pakistan. Because Mahmood's treatment does not amount to persecution, it also does not meet the higher bar of torture. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). Furthermore, Mahmood has offered no evidence indicating that he will be tortured upon his return to Pakistan. Accordingly, the respondents have not shown that a reasonable factfinder would be compelled to find that it is more likely than not that Mahmood will be tortured upon his return to Pakistan. See 8 C.F.R. § 208.16(c)(2); Elias-Zacarias, 502 U.S. at 483-84.

The respondents challenge the IJ's determination that they were not eligible for asylum or cancellation of removal. However, they clearly stated at the evidentiary hearings that they were not applying for these forms of relief. Therefore, they have waived their right to raise these issues on appeal. See United States v. Olano, 507 U.S. 725, 733 (1993).

The respondents' petition for review is DENIED, and their motion for appointment of counsel on appeal is DENIED.