IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-60130
Summary Calendar

KOMI ADJONKE

Petitioner

V.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 187 242

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Togolese citizen Komi Adjonke petitions for review of the order of the Board of Immigration Appeals (BIA) that affirmed the decision of the Immigration Judge (IJ), to the extent that the IJ determined that Adjonke was not entitled to asylum, withholding of removal, or relief pursuant to the Convention Against Torture (CAT). Adjonke moves for leave to proceed in forma pauperis (IFP) on appeal and for appointment of counsel; those motions are denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Adjonke, who is proceeding pro se, contends that the IJ was biased against him and treated him unprofessionally. Adjonke did not raise his contention before the BIA and this court lacks jurisdiction to consider it. See Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

Adjonke challenges the IJ's credibility determinations, including the credibility determination based on a letter from the State Department indicating that nobody from two Togolese organizations had heard of Adjonke. The BIA adopted the IJ's decision only to the extent that the IJ determined Adjonke had failed to show his eligibility for relief; it did not adopt the IJ's credibility determinations. This court need not address the IJ's credibility determinations. See Mikhael v. INS, 115 F.3d 299, 303 (5th Cir. 1997). Moreover, the BIA did not consider the State Department letter; Adjonke's contention regarding the letter is moot.

Adjonke contends that the BIA erred by finding that he was not eligible for asylum, withholding of removal, or relief under the CAT. He argues that the facts of his case indicate that he was persecuted on account of his political beliefs and had a reasonable fear of persecution on return to Togo and that he satisfies the criteria for CAT relief. We will uphold the BIA's factual finding that an alien is not eligible for asylum if it is supported by substantial evidence. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). "This Court reviews factual findings to determine if they are supported by substantial evidence in the record." Roy v. Ashcroft, 389 F.3d 132, 138 (5th Cir. 2004).

We generally review the BIA's decisions "'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." Abdel-Maseih v. INS, 73 F.3d 579, 585 (5th Cir. 1996). The BIA is not required to "address evidentiary minutiae or write any lengthy exegesis, [but] its decision must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims." Id.

The BIA does not indicate the evidentiary basis for its decision, other than to state that the IJ's decision accurately set forth the facts asserted by Adjonke. The IJ provided a brief of Adjonke's allegations and the testimony at his hearing and summarized some of the other evidence in the record. However, the IJ's decision was largely devoted to credibility determinations, and it did not mention much of the evidence in the record that appears to support Adjonke's claims. Neither the IJ nor the BIA discussed letters from Togolese opposition leaders appearing to bolster Adjonke's allegations regarding his position in the Togolese opposition movement. Moreover, neither the IJ nor the BIA discussed an Amnesty International report and other material in the record indicating that the political situation deteriorated markedly in 2005, an omission that is particularly noteworthy in light of the IJ's finding that the situation in Togo had improved somewhat in 2004. We are not convinced that Adjonke received full and fair consideration of the circumstances giving rise to his claims. See Abdel-Maseih, 73 F.3d at 585.

If Adjonke's allegations and all of the the evidence he provided are considered, and if they prove true, then it is conceivable that he can prove his asylum claim. It is possible that Adjonke suffered past persecution on account of his political views, see Adebisi v. INS, 952 F.2d 910, 913-14 (5th Cir. 1992), or that a reasonable person in the same circumstances would fear persecution if deported. Jukic v. INS, 40 F.3d 747, 749 (5th Cir. 1994). We remand Adjonke's case to the BIA for a more thorough and complete examination of Adjonke's claims.

PETITION GRANTED; VACATED AND REMANDED; IFP MOTION DENIED; APPOINTMENT OF COUNSEL DENIED.