IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 27, 2009

Charles R. Fulbruge III
Clerk

No. 07-60681
Summary Calendar

_____

CAI GUI CHEN,

Petitioner,

v.

MARK FILIP, Acting U.S. Attorney General,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
No. A96  278  637

_____

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

    Cai Chen, a citizen and native of the People's Republic of China, filed a pe-
tition for review challenging the dismissal by the Board of Immigration Appeals

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

("BIA") of his appeal of the decision of the immigration judge ("IJ") that denied asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). Because the BIA relied on the IJ's decision, we may review the IJ's factual findings and conclusions. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). We will uphold the BIA's factual findings if they are supported by substantial evidence. Ozdemir v. INS, 46 F.3d 6, 7 (5th Cir. 1994).

Chen argues that the IJ erred in relying on a consular investigative report that determined that a subpoena ordering Chen's appearance in court for a violation of the one-child policy was fabricated. The subpoena was submitted to Chinese officials to verify its authenticity. Chen argues that the report did not provide detailed information about the investigation and that the officials could have deemed the subpoena fraudulent to frustrate his asylum claim.

The subpoena pertained to the coercive family planning measures practiced in the People's Republic of China, which are commonly relied upon as a basis for an asylum application. A person who is forced to undergo involuntary sterilization "shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. §§1158(b)(1), 1101(a)(42). To obtain eligibility for relief, the spouse of a person who is forced to undergo sterilization must show that he has suffered past persecution or has a well founded fear of future persecution on account of his resistence to the coercive population control program. See Matter of J-S, 24 I&N Dec. 520, 542 (BIA 2008); Shi Liang v. U.S. Dep't of Justice, 494 F.3d 296, 309-10 (2d Cir. 2007).

The Chinese government could have inferred that, in seeking authentication of the subpoena, Chen was seeking asylum based on the forced sterilization policy. The report did not provide sufficient detailed information for a determination of its reliability. It did not reveal the names or positions of the individuals who performed the investigation or what steps were taken to determine that the document was fabricated. There is no indication that the person who prepared the report had any personal knowledge of what had occurred during the investi-

gation. The report that the document was fabricated was not sufficiently reliable to support the adverse credibility finding that admittedly went to the heart of Chen's claim. See Lin v. Gonzales, 459 F.3d 255, 268, 270-72 (2d Cir. 2006).

Chen argues that the IJ's other adverse credibility findings should not have been relied upon in denying his claims. Chen contends that he provided specific facts to prove his refugee status and that trivial inconsistencies and omissions in his testimony should not result in an adverse credibility finding. Although we will not ordinarily review credibility findings, we will not uphold findings unsupported by the record or based on pure speculation or conjecture. Mwembie v. Gonzales, 443 F.3d 405, 410 (5th Cir. 2006). An adverse credibility determination still "must be supported by specific and cogent reasons derived from the record." Zhang v. Gonzales, 432 F.3d 339, 344 (5th Cir. 2005).

The IJ's and BIA's heavy reliance on the absence of testimony from family members living in the United States is misplaced, because there was no evidence that these individuals had personal knowledge of the forced sterilization of Chen's wife or of Chen's confinement suffered as a result of violating the one-child policy. The BIA did not appear to consider Chen's wife's affidavit stating that she was forced to undergo sterilization and that her husband was incarcerated for violating the one-child policy. The IJ and the BIA ignored the IJ's determination that Chen's testimony on the essential facts supporting his claim was consistent. The BIA's decision must reflect a meaningful consideration of the relevant substantial evidence supporting an alien's claim. Abdel-Masieh v. U.S. INS, 73 F.3d 579, 585 (5th Cir. 1996).

The IJ's suspicion that the Chen family came to the United States for economic reasons only was not based on record evidence and thus did not constitute substantial evidence. Mwembie, 443 F.3d at 410. The finding that Chen gave inconsistent testimony about whether he or his sister had personally received some documents from a courier addressed a trivial matter that had no bearing on the issues. In light of the questionable reliability of the report that the sub-

poena issued to Chen was fabricated and of the fact that the inconsistencies relied on by the IJ and BIA were not central to the asylum claim, the BIA's determination that Chen was not entitled to asylum is not supported by substantial evidence in the record. See Lin, 459 F.3d at 268-72; Zhang, 432 F.3d at 344.

Chen claims that the IJ's ruling on the CAT claim was erroneous because the IJ relied solely on the denial of his asylum claim. To succeed on this claim, Chen "must meet his burden of showing that more likely than not he would be subjected to 'torture' upon his return." Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002) (citation omitted). Chen testified that he feared being returned to jail or being compelled to pay more fines if he is returned to the People's Republic of China. He did not present any evidence that he would be subjected to an extreme form of cruel and inhuman treatment. See 8 C.F.R. § 208.18(a)(1), (2). Even assuming that he is entitled to asylum, there was substantial evidence to support the denial of the CAT claim. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

In his brief, Chen has not addressed the denial of his eligibility for withholding of removal. Thus, he has abandoned that claim on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).

Chen argues that the United States Government breached the confidentiality owed to an asylum applicant when it submitted the document to the Chinese government. Chen did not make this argument in his appeal to the BIA. This court may review a final order of removal only if the alien has exhausted all administrative remedies. Arce-Vences v. Mukasey, 512 F.3d 167, 172 (5th Cir. 2007). This claim is not subject to review.

Chen contends that the IJ and BIA erred in finding that his asylum petition was untimely filed. Under 8 U.S.C. § 1158, an alien seeking asylum must file an application for asylum within one year of his arrival in the United States, absent a showing of "changed circumstances which materially affect the appli-

cant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." § 1158(a)(2)(B), (D). Neither the IJ nor the BIA addressed the timeliness of Chen's asylum application in their second decisions. This court cannot review issues that have not been addressed by the administrative agency. Eduard v. Ashcroft, 379 F.3d 182, 196 (5th Cir. 2004).

The case is remanded to the BIA for consideration of the timeliness of the asylum application. If exceptional circumstances are found that justified the late filing, the asylum claim should be reconsidered, including the evidence of Zhang's affidavit and the subpoena notice. The BIA should also take into consideration Matter of J-S, 24 I&N Dec. 520, 542 (A.G. 2008).

PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.