# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2010

No. 09-60551

Lyle W. Cayce
Clerk

BING SHUN LI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 024 782

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Bing Shun Li ("Petitioner"), a native and citizen of the People's Republic of China, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") affirming denial by the Immigration Judge ("IJ") of his application for withholding of removal.[1]  The petition is DENIED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The IJ and BIA also denied Petitioner's application for relief under the Convention Against Torture ("CAT").  Petitioner does not challenge the denial of CAT relief on this appeal, therefore he has abandoned any such challenge.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

No. 09-60551

I.

Li, who initially entered the United States on a business visa in 2000, applied for withholding of removal based on an abortion that the Chinese authorities purportedly forced his wife to undergo in 1990. He alleges *inter alia* that due to his resistance to the abortion that he was fired from his job and detained for two days by Chinese officials, during which time he was subjected to coercive interrogation regarding his wife's whereabouts and some physical abuse for which he did not seek medical attention.

The IJ denied Petitioner's application, determining that Petitioner was not credible because of multiple discrepancies or inconsistencies in his documentary evidence and his testimony. The BIA decided that the IJ's credibility finding was not clearly erroneous, focusing on several of the discrepancies identified by the IJ in Petitioner's testimony and documentary evidence.[2] Alternatively, the BIA determined that Petitioner failed to prove eligibility for withholding of removal because he failed to show past persecution and has no current objective basis for fear of future persecution.

On this petition, Li contends that the credibility findings of the IJ and the BIA are unsupported by the record. He also claims that he has put forth sufficient evidence of past persecution.

II.

---

[2] Specifically, the BIA addressed three discrepancies or inconsistencies in the Petitioner's documentation and testimony: (1) he testified and his wife provided a statement declaring that she resisted the abortion and that the hospital officials put some kind of fabric over her mouth causing her to lose consciousness, but the hospital records indicate that no anesthesia was used during the procedure; (2) the Petitioner testified that his wife was forced to wear an intrauterine contraceptive device ("IUD") after the birth of her first child in 1981 and that it fell out some time before her becoming pregnant the second time in 1990, but the relevant medical records concerning the insertion of his wife's IUD following the 1990 abortion indicate that she had no medical history of a birth control device; and (3) the hospital records undermine Petitioner's claim that his wife's abortion was involuntary.

2

No. 09-60551

We review the BIA's order and also the IJ's decision to the extent that it has "some impact on the BIA's decision." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). "We review factual findings of the BIA and IJ for substantial evidence and questions of law *de novo . . . .*" *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). On substantial evidence review, "we may reverse a decision on a factual finding only when the evidence compels us to do so." *Id.* Additionally, pursuant to the REAL ID Act of 2005, which applies in this case, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant[3] is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

III.

A.

Upon our review of the record and the totality of the circumstances, we conclude that the IJ and BIA's credibility determinations are supported by substantial evidence and can withstand this extremely deferential standard of review. In particular, we conclude that the BIA reasonably evaluated the specific discrepancies in Petitioner's documentation and testimony discussed in the BIA's order, and there is no evidence compelling reversal of the adverse credibility determination on these points. Considering that under applicable provisions of the REAL ID Act the BIA and IJ were entitled to rely on *any* inconsistencies in Petitioner's evidence to make an adverse credibility finding,

---

[3] Petitioner applied for withholding of removal but did not apply for asylum. The two claims are similar, but generally "'[w]ithholding of removal is a higher standard than asylum.'" *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *Efe v. Ashcroft,* 293 F.3d 899, 906 (5th Cir. 2002)).

it is plain from the totality of the circumstances that the IJ and BIA's credibility determinations were not unreasonable and do not require reversal.

We note separately, however, that one of the bases for the IJ's adverse credibility determination, which the BIA did not specifically address, was without merit. The IJ found what he deemed to be a conflict between the Petitioner's medical records and an article on a website called Wikipedia. We agree with those courts that have found Wikipedia to be an unreliable source of information. *See, e.g., Badasa v. Mukasey*, 540 F.3d 909, 910-11 (8th Cir. 2008).[4] In fact, the BIA has previously suggested that Wikipedia is not a sufficiently reliable source. *Id*. ("The BIA presumably was concerned that Wikipedia is not a sufficiently reliable source on which to rest the determination that an alien alleging a risk of future persecution is not entitled to asylum."). Because the BIA in this case did not endorse or premise its decision on the particular factual finding of the IJ related to the Wikipedia article, and because the other specific discrepancies discussed at length in the BIA's opinion are sufficient to support the adverse credibility determination, the IJ's erroneous reliance on Wikipedia does not warrant reversal here. We discuss this issue separately only to express

---

[4] We concur with the many concerns about Wikipedia recited by the Eighth Circuit:

> Wikipedia describes itself as 'the free encyclopedia that anyone can edit,' urges readers to '[f]ind something that can be improved, whether content, grammar, or formatting, and make it better" . . . Wikipedia's own 'overview' explains that 'many articles start out by giving one – perhaps not particularly evenhanded – view of the subject, and it is after a long process of discussion, debate, and argument that they gradually take on a consensus form.' Other articles, the site acknowledges, 'may become caught up in a heavily unbalanced viewpoint and can take some time – months perhaps – to regain a better-balanced consensus.

*Id*. at 910 (internal citations omitted). Other courts have expressed similar, valid concerns. *Id*. (citing *Campbell v. Sec'y of Health and Human Servs*., 69 Fed. Cl. 775, 781 (Fed. Cl. 2006) (observing that a review of the Wikipedia website "reveals a pervasive and, for our purposes, disturbing set of disclaimers")).

No. 09-60551

our disapproval of the IJ's reliance on Wikipedia and to warn against any improper reliance on it or similarly unreliable internet sources in the future.

B.

Finally, we are also persuaded that substantial evidence supports the BIA's conclusion that Petitioner has failed to prove eligibility for withholding of removal by failing to show an objective basis for fear of future persecution if returned to China. We have accorded deference to the BIA's determination that an applicant is not presumptively eligible for asylum or withholding of removal purely on the basis of his wife's forced abortion, and to prove eligibility he must show that he has suffered past persecution or has the requisite fear of future persecution "on account of his resistance to the coercive population control program." *Chen v. Filip*, 308 F. App'x 785, 786 (5th Cir. 2009) (citing *Matter of J-S, 24 I&N Dec. 520, 542* (BIA 2008); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-10 (2d Cir. 2007)).

The standard for showing persecution is higher for withholding of removal than for asylum, and "[t]o be eligible for withholding of removal, an applicant must demonstrate a 'clear probability' of persecution upon return." *Roy v. Aschcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *Faddoul v. I.N.S.*, 37 F.3d 185, 188 (5th Cir. 1994)). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution . . . ." *Id.* "[W]hen an applicant for withholding of removal has suffered past persecution, 'it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." *Zhu*, 493 F.3d at 596 (quoting 8 C.F.R. § 208.16(b)(1)(I)). But this presumption may be rebutted. *Id.*[5] Moreover, "'if the applicant's fear of future

---

[5] This presumption may be rebutted if the government can prove by a preponderance of the evidence that "(1) there has been a fundamental change of conditions that removes the threat to the applicant, or (2) the applicant could avoid the threat by relocating to another part of the country." *Id.* (citing 8 C.F.R. § 208.16(b)(1)(I), (ii)).

threat to life or freedom is unrelated to the past persecution, the applicant bears the burden of establishing that it is more likely than not that he or she would suffer such harm,' i.e. that there is a 'clear probability' of future harm." *Id.* (quoting 8 C.F.R. § 208.16(b)(1)(iii); *Chen v. Gonzales*, 470 F.3d 1131, 1138 (5th Cir. 2006)).

Even assuming as true Petitioner's version of the facts relating to his treatment by Chinese officials, Petitioner has not presented evidence of past persecution. Persecution "does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional . . . . Persecution must be extreme conduct to qualify for . . . protection." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Temporary detainment, some physical abuse not requiring medical attention, and being fired from one's job – as Petitioner has alleged – does not rise to this level of "extreme conduct" required to show persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006) (asylum applicant could not show that arrest and one-month detention rose to level of past persecution); *Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 584 (5th Cir. 1996) (asylum applicant could not show that two arrests, two detentions, and beatings not characterized as severe rose to level of past persecution); *see also Chen v. Ashcroft*, 381 F.3d 221, 233 (3d Cir. 2004) (beatings that did not require medical treatment not considered past persecution in asylum case). Thus, the BIA's determination that Petitioner failed to show past persecution is supported by substantial evidence.

Moreover, even if we were to conclude that the Petitioner experienced past persecution, we agree with the BIA that Petitioner has no current objective basis for fear of future prosecution. The allegedly coerced abortion and Petitioner's two-day detention occurred approximately twenty years ago. Petitioner has not alleged that he experienced any abuse rising to the level of persecution in the following ten years that he resided in China before arriving in the United States.

No. 09-60551

Furthermore, Petitioner's wife is 59 years old and Petitioner has alleged no intention of trying to have another child. Thus, the BIA's conclusion that Petitioner lacks a current objective basis to fear future persecution upon his return to China is supported by more than substantial evidence. And because he has no objective fear of future persecution at all, much less a current fear that is in any way related to his alleged past persecution, he cannot show a probability of future persecution on the basis of the alleged past persecution. *See Zhu*, 493 F.3d at 496; C.F.R. § 208.16(b)(1)(iii). Failing to show a probability of future persecution, Petitioner is not eligible for withholding of removal. *See Zhu*, 493 F.3d at 496.

Accordingly, this petition for review is DENIED.