# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 22, 2013

Lyle W. Cayce
Clerk

No. 12-60239
Summary Calendar

KONG RONG YANG,

                                        Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

                                        Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 312 248

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Chinese citizen Kong Rong Yang petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his administrative appeal and affirming the decision of the Immigration Judge (IJ) denying his petition for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argues that the BIA and IJ erred by denying his petition on the merits of his claims.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's factual findings for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  To obtain relief on his asylum claim, Yang must show that he is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *See* 8 U.S.C. § 1101(a)(42)(A); *Jukic v. INS*, 40 F.3d 747, 749 (5th Cir. 1994).  To be eligible for withholding of removal, Yang must "demonstrate a clear probability of persecution if returned to [China]" on account of the same grounds.  *See Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005) (internal quotations marks and citation omitted).  Under the CAT, Yang must show that it is more likely than not that he will suffer torture, as opposed to mere persecution, if removed to China.  *See Efe v. Ashcroft,* 293 F.3d 899, 907 (5th Cir. 2002).

Though Yang was beaten briefly, he suffered bruising, but did not suffer from broken bones or bleeding.  He was able to walk after his release, and he did not seek medical attention when he was released from prison.  We have found that substantial evidence supported BIA denials of relief in similar circumstances.  *See Bing Shun Li v. Holder*, 400 F. App'x 854, 858 (5th Cir. 2010); *Mahmood v. Gonzales*, 158 F. App'x 620, 621 (5th Cir. 2005).  Yang lost his job after he was released from detention,  but police did not tell him that he could not seek other employment, and he did not look for work.  Substantial evidence supports the BIA's determination that Yang did not suffer past persecution on account of his religion.  *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).

The State Department reports in the record indicate that unregistered house churches are left alone by the authorities in parts of China.  The evidence supports the finding that Yang could relocate to another part of China and avoid persecution on account of his religion, thus supporting the conclusion that he does not have a well-founded fear of future persecution.  *See Eduard*, 379 F.3d at 189.  Substantial evidence thus supports the decision to deny Yang's asylum

application.  *See Wang*, 569 F.3d at 536.  Moreover, substantial evidence supports the BIA's determination that Yang has failed to show a clear probability of persecution, as is required for withholding of removal, *see Zhang,* 432 F.3d at 344, or that it is more likely than not that he will be tortured on return to China, as is required for relief under the CAT, *see Efe,* 293 F.3d at 907.

PETITION FOR REVIEW DENIED.