# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60462
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

ZUNQIANG CHEN,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 348 704

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

    Zunqiang Chen petitions for review of the decision of the Board of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60462

Immigration Appeals ("BIA") dismissing his appeal of the denial, by the immigration judge ("IJ"), of asylum and withholding of removal.  Chen's claims are premised on his resistance to China's coercive population-control policies.

The factual determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial-evidence standard.  *See Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006).  We may not reverse such factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder,* 569 F.3d 531, 536 (5th Cir. 2009).  It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion.  *See id.*

Chen claims that he suffered persecution in the form of mental suffering when his wife was forced to have an abortion.  That claim is unexhausted, however, because Chen did not assert it as a basis for relief before the BIA.  *See Roy v. Ashcroft,* 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).  Next, Chen avers he suffered persecution when he was fired from his job and when he was detained while his wife underwent the forced abortion.  Such a firing and detention do not rise to the level of extreme conduct necessary to establish persecution.  *See Majd v. Gonzales,* 446 F.3d 590, 595 (5th Cir. 2006); *see also Bing Shun Li v. Holder,* 400 F. App'x 854, 858 (5th Cir. 2010).  Chen also contends that the $15,000 in fines imposed by the Chinese government constitutes persecution, especially in light of the loss of his employment and the expenses incurred by his family.  We conclude that the evidence in the record does not compel a finding that these fines constitute a severe economic deprivation.  *See Abdel-Masieh v. INS,* 73 F.3d 579, 583 (5th Cir. 1996); *Wang,* 569 F.3d at 537.

Finally, Chen maintains that the BIA failed to consider his arguments and evidence and did not provide a "reasoned explanation" for its decision.  But

2

he does not specify what evidence and arguments were not considered. We also conclude that the BIA's order reflects the required "meaningful consideration of the relevant substantial evidence supporting the alien's claims." *Abdel-Masieh,* 73 F.3d at 585.

The petition for review is DENIED.