# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2026

Lyle W. Cayce
Clerk

No. 24-60640

Waleed Abdulraheem Faris Faris,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 705 731

Before Jones, Engelhardt, *Circuit Judges*, and Summerhays, *District Judge*.[*]

Per Curiam:[†]

## BACKGROUND

Waleed Abdulraheem Faris Faris was born in Jordan to Palestinian parents. Faris moved to Palestine as an infant and lived there until he was eighteen years old. He moved to Jordan, then Iraq soon after, where he went

---

[*] United States District Judge for the Western District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to college and began his career. While Faris was on a trip in Jordan in 1993, the authorities took away his Jordanian passport and gave him a temporary passport. Jordan revoked Faris's citizenship under Jordanian law regarding individuals who previously resided in Palestine. In 1995, Faris's employer transferred him to Jordan upon his request. In 2005, Jordan notified his employer that Faris was not allowed to work due to his lack of citizenship. Faris lost his job and began to work illegally through part-time freelance jobs to support his family.[1]

Soon after, Jordanian authorities removed Faris from the country by blindfolding, handcuffing, and bringing him to the border. A check-in system was instituted: to stay in Jordan, Faris must return to Palestine for a couple days and then report to Jordanian authorities every two months. Authorities later provided Faris with an identification card and extended this process to yearly, rather than bi-monthly, check-ins.

At these check-ins, authorities would leave Faris in a room for hours at a time, ask him routine questions, and have him sign a document, agreeing to not pursue employment in Jordan. Faris was psychologically affected by these meetings, in part because he was alone in a room while loud, unknown sounds came from a neighboring room. Faris was never physically harmed while in Jordan.

In 2014, Faris obtained a visa to visit his brothers in the United States. While in the country, Faris applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Faris fears returning to Jordan because he is unable to work and will be subjected to the Jordanian authorities' check-ins. Faris acknowledges that he is legally able

---

[1] Faris's wife still lives in Jordan. Faris has three adult children who live in United Arab Emirates, Turkey, and Saudi Arabia.

No. 24-60640

to live and work in the West Bank.  However, Faris objects to living there for safety and job opportunity reasons.  Faris prefers to stay in the United States due to the safety and protection that this country offers, allowing him to provide for his family.

After a hearing in August 2021, the Immigration Judge ("IJ") denied relief and ordered Faris to be removed to Jordan.  The IJ held that Faris was ineligible for asylum and withholding of removal because Faris did not demonstrate the requisite level of harm to establish past persecution nor a well-founded fear of future persecution.  The IJ also determined that Faris was firmly resettled in Palestine and therefore ineligible for asylum.  Finally, the IJ also concluded that Faris was ineligible for CAT protection because his past incidents of harm do not rise to the level of persecution, let alone torture.

In a 2-1 decision, the Board of Immigration Appeals ("BIA") dismissed Faris's appeal.[2]  The BIA agreed with the IJ and held that because Faris did not show the requisite harm for past persecution nor a well-founded fear of future persecution, he did not meet his burden for asylum or withholding of removal.  The BIA clarified that even if Faris did establish persecution, he failed to show the nexus between his Palestinian nationality and the harm.  The BIA also held that Faris waived his CAT claim on appeal because he did not meaningfully challenge the IJ's ruling.[3]

Faris petitioned this court for review.  Faris argues that the BIA erred in affirming the IJ's holding that Faris failed to show that he suffered past

---

[2] The dissenting judge did not write separately.

[3] Although the BIA referenced "waiver," the more accurate term is "forfeiture" which is the failure to make the timely assertion of a right, rather than an intentional relinquishment of a known right.  *See Bonilla Rivas v. Bondi*, 2025 WL 3124838, at *1 n.1 (5th Cir. Nov. 7, 2025) (citing *United States v. Cabello*, 33 F.4th 281, 295 (5th Cir. 2022).

persecution or has a well-founded fear of future persecution on account of his Palestinian nationality. Faris also contends that the BIA erred in concluding that he did not meet his burden for the CAT claim[4] and that he was firmly resettled in Palestine, barring asylum relief.[5]

## STANDARD OF REVIEW

We review the BIA's decision and consider the IJ's decision only to the extent that it influenced the BIA. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023). "We apply a *de novo* standard to the BIA's legal conclusions." *Nivelo Cardenas v. Garland*, 70 F.4th 232, 238 (5th Cir. 2023). "Fact-findings are reviewed for substantial evidence and will not be overturned unless the evidence compels a contrary conclusion." *Id.*

## DISCUSSION

To establish an asylum claim, an applicant must show that he is "unable or unwilling to return to his native country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). Persecution is the infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded

---

[4] Faris only mentions, and therefore inadequately briefs, this issue on appeal. He has forfeited any challenge to the BIA's holding regarding his CAT claim. *See Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022) ("[Petitioner] does not brief any CAT-specific arguments on appeal, so that issue is forfeited."); *Perez De Molina v. Garland*, 2025 WL 80364, at *1 (5th Cir. Jan. 13, 2025) ("[Petitioner] has abandoned any challenge she may have had to the BIA's waiver determination by failing to brief it.").

[5] It was the IJ, not the BIA, that found that Faris was firmly resettled in Palestine. The BIA did not rest its decision on, nor even mention, this issue. This court does not examine issues that the BIA did not address. *Alejos-Perez v. Garland*, 991 F.3d 642, 652 (5th Cir. 2021); *Luna-Garcia v. Barr*, 932 F.3d 285, 291 (5th Cir. 2019). Therefore, this issue is not properly before this court, and we decline to review it.

as offensive and in a manner condemned by civilized government. *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). The harm or suffering does not need to be physical. *Id.* Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Id.* Persecution is "an extreme concept" and "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Aben v. Garland*, 113 F.4th 457, 466 (5th Cir. 2024).

Faris argues that "a combination of systematic mistreatment, economic deprivation, and targeted surveillance by Jordanian authorities" establishes past persecution. Faris relies on his past persecution to demonstrate his fear of future harm. We are not convinced.

Faris's instances of harm taken together are not "so compelling that no reasonable factfinder could reach a contrary conclusion." *Gjetani v. Barr*, 968 F.3d 393, 396 (5th Cir. 2020) (emphasis omitted). In *Bing Shun Li v. Holder*, the applicant was fired from his job, detained, and subjected to coercive interrogation and physical abuse after his wife was forced to have an abortion by Chinese authorities. 400 F. App'x 854, 856 (5th Cir. 2010). The court denied the petition for review. *Id.* In *Rojas v. I.N.S.*, the applicant was arrested, beaten, tortured, fired from his job, and unable to obtain other employment. 937 F.3d 186, 188 (5th Cir. 1991). The court affirmed the BIA's ruling. *Id.* at 187. By comparison, Faris's harm does not rise to the level of persecution.[6] "Although a reasonable factfinder *could* have found these incidents sufficient to establish past persecution, we do not believe that a

_____

[6] Faris relied on his showing of past persecution to demonstrate fear of future persecution. Therefore, his argument on behalf of the latter is also unsuccessful. Because failure to demonstrate persecution is dispositive, we decline to reach the issue of nexus.

factfinder would be compelled to do so." *Mikhael v. I.N.S.*, 115 F3d 299, 304 (5th Cir. 1997).

Withholding of removal is a higher bar to clear than asylum. *Rubio v. Bondi*, 147 F.4th 568, 581 (5th Cir. 2025). When an applicant does not meet the bar for asylum, he does not meet the standard for withholding. *Id.* Because "past persecution or a well-founded fear of persecution in the future is an essential component of a successful application for withholding of removal," the BIA did not err in affirming the IJ's denial of Faris's application.

The petition for review is DENIED.