# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1573

_____

Daniel Shahinaj,
            *
            *
    Petitioner,      *
            * Petition for Review of a Final
   v.          * Decision of the Board of
            * Immigration Appeals.
Alberto R. Gonzales, Attorney General  *
of the United States of America,   *
            *
    Respondent.     *

_____

Submitted: December 15, 2006
Filed: April 2, 2007

_____

Before WOLLMAN, RILEY, and SHEPHERD, Circuit Judges.

_____

RILEY, Circuit Judge.

Daniel Shahinaj (Shahinaj), a native and citizen of Albania, entered the United States illegally and filed an application for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231(b)(3), and for relief under Article III of the Convention Against Torture (CAT). The Immigration Judge (IJ) denied Shahinaj's application and the Board of Immigration Appeals (BIA) affirmed the IJ's decision. After careful review of the administrative record, we conclude the IJ's credibility findings, adopted and modified by the BIA, are not supported by the record, and thus we vacate the BIA's order and remand for further proceedings.

## I.    BACKGROUND

At his hearing before the IJ, Shahinaj asserted he would be mistreated if he returned to Albania because of his political activities, such as reporting election fraud to officials in a June 2001 Albanian election, and because of his homosexual orientation. Shahinaj testified that after he reported the election fraud, Albanian police officers beat and sodomized him, threatened to harm Shahinaj and his family, and made repeated derogatory references to Shahinaj's homosexuality. Shahinaj denied being a member of any homosexual organization and said his family was unaware of his homosexual orientation. Shahinaj indicated he had only one homosexual friend, and he did not know the friend's whereabouts. Shahinaj presented the IJ with witness affidavits, documentation of Albanian historical events, and evidence of the political conditions in Albania.

In a written opinion, the IJ found Shahinaj's testimony not credible, stating in relevant part:

> Neither [Shahinaj]'s dress, nor his mannerisms, nor his style of speech give any indication that he is a homosexual, nor is there any indication that he engaged in a pattern or practice of behavior in homosexuals in Albania, which gives expression to his claim at present. He never reported the abuse, the physical abuse that he received from the police, the sexual assault to any homosexual organization which one would suppose would have reported it and provided counseling at least to him. While one can understand that he would not report it to the police, since they were the alleged perpetrators, it is simply implausible that he would not report it to an organization whose job it is to represent the interest of homosexuals in Albania.
>         . . . .
> In this Judge's experience, better than three-quarters of Albanian homosexual applicants have used the claim that they were election observers to justify their claim for asylum.

Thus, the IJ denied Shahinaj's application concluding, "[Shahinaj] has not established past persecution because his account is not credible."

The BIA adopted the IJ's decision and affirmed the IJ's findings "except insofar as the [IJ]'s decision referred to circumstances from other proceedings and found implausible that [Shahinaj] would not have reported his claimed attack to an organization that represents the interest of homosexuals in Albania."

Following Shahinaj's initial petition for review, in a summary order, upon the Attorney General's own motion, we remanded the petition for further consideration of the IJ's decision. After remand, the BIA again adopted and affirmed the IJ's decision "except insofar as the [IJ] referred to circumstances from other proceedings, found it implausible that [Shahinaj] would not have reported his mistreatment to Gay Albania, and found that 'neither his dress, nor his mannerisms, nor his style of speech give any indication that he is homosexual.'" The BIA further agreed Shahinaj "failed to meet his burden to establish by sufficiently consistent and credible evidence his eligibility for asylum or withholding of removal." In addition, the BIA found no clear error in the IJ's determination that Shahinaj's "testimony lacked credibility for the reasons discussed on pages 6-12 of the [IJ's] decision, including . . . [Shahinaj's] failure to present any evidence corroborating [Shahinaj's] claim that he is a homosexual."

## II.   DISCUSSION

We review the BIA's determination using the substantial evidence standard and will reverse only if "it would not be possible for any reasonable fact-finder to come to the conclusion reached by the administrator." Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004). When, as here, the BIA adopts and affirms the IJ's decision and adds its own reasoning, we review both decisions together. Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006). "We will defer to an IJ's credibility

finding when it is supported by a specific, cogent reason for disbelief." <u>Mohamed v. Ashcroft</u>, 396 F.3d 999, 1003 (8th Cir. 2005).

Even under this deferential standard of review, we conclude the IJ's adverse credibility findings are not supported by this record. The IJ discredited Shahinaj's claim of persecution due to homosexual orientation based on (1) the IJ's personal and improper opinion Shahinaj did not dress or speak like or exhibit the mannerisms of a homosexual, (2) Shahinaj's lack of membership in any Albanian homosexual organizations, and (3) the IJ's personal experience that three-quarters of all homosexual Albanian applicants who seek asylum profess persecution based on being election observers. The BIA excised these findings, but nonetheless affirmed the IJ's decision in all other respects, finding no clear error in the IJ's credibility determination.

Beyond excising portions of the IJ's credibility findings regarding Shahinaj's homosexual orientation, the BIA did not explain how the IJ's remaining findings and credibility determination as a whole were not tainted by the IJ's bias. Nor did the BIA explain, in the absence of integral findings regarding Shahinaj's claim of persecution based on his homosexual orientation, how the balance of the record could adequately support the IJ's credibility determination, which went to the heart of Shahinaj's asylum claim. <u>See</u> <u>Jalloh v. Gonzales</u>, 423 F.3d 894, 898 (8th Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, we grant Shahinaj's petition for review. Although the assignment of an immigration judge is within the purview of the Attorney General, <u>see</u> 8 C.F.R. § 1.1(l), upon remand, we recommend the Attorney General consider reassignment of this case to a different immigration judge. <u>See</u>, <u>e.g.</u>, <u>Huang v. Gonzales</u>, 453 F.3d 142, 151 (2d Cir. 2006) (recognizing that although the Attorney General has supervisory authority over immigration judges, "the authority of courts to review the decisions of officers exercising adjudicative functions includes the

-4-

power to require reassignment when necessary to avoid repetition of a biased discharge of those functions or even to avoid the appearance of substantial injustice"); Cham v. Attorney Gen., 445 F.3d 683, 694 (3d Cir. 2006) (recognizing the assignment of an immigration judge is within the province of the Attorney General, but urging, "on remand, a different immigration judge be assigned to any further proceedings"); Yi-Tu Lian v. Ashcroft, 379 F.3d 457, 462 (7th Cir. 2004) (observing that "the inadequate performance by the immigration judge leads us to recommend that the case be reassigned to another immigration judge"). As a final note, we express no view on whether the evidence will ultimately compel the conclusion Shahinaj has a well-founded fear of persecution upon return to Albania, and we leave the determination of eligibility for asylum, withholding of removal, and protection under the CAT to the Attorney General in the first instance.

——————————————————————