# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2921

_____

| | |
|---|---|
| Madjiguene Thiam, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| Alberto Gonzales, Attorney General | * |
| of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: June 13, 2007
Filed: August 10, 2007

_____

Before MURPHY, BEAM, and SHEPHERD, Circuit Judges.

_____

BEAM, Circuit Judge.

Madjiguene Thiam, a native and citizen of Senegal, seeks review of a final Board of Immigration Appeals (BIA) order acceding to the Immigration Judge's (IJ) finding of removability and dismissing her appeal. A Notice to Appear was filed against Thiam on November 14, 2003, charging her with being removable under INA 212(a)(6)(A)(i) (presence without admittance or parole), 8 U.S.C. § 1182(a)(6)(A)(i). On February 18, 2005, the IJ found that Thiam failed to establish that she was lawfully present and therefore found her removable as charged. The BIA affirmed the IJ's decision on July 7, 2006, and this petition followed.

## I.    BACKGROUND

It is undisputed that Thiam entered the United States lawfully on August 2, 2000. Before the IJ, the Department of Homeland Security (DHS) presented evidence that she subsequently departed on October 20, 2000. The issue before the IJ was whether Thiam did, in fact, leave on October 20, 2000, and, if she did leave, whether or not she returned to the United States after that date with any type of admission after inspection or parole by an Immigration officer. DHS presented evidence that Thiam had previously admitted to paying $500 to obtain a Social Security card through fraudulent measures. This occurred when she was an unindicted co-conspirator in a case, titled "Operation Gorgona."

Thiam attempted to submit documentary evidence to the IJ but it was not timely and its late submission was not permitted. However, the documents were accepted as part of the record, Thiam testified about their contents and the facts contained therein were referenced by the IJ in its opinion. Thiam maintains that she arrived in the United States on August 2, 2000, and has never left. She claims that she gave her passport and I-94 to another woman, who must have been the one who departed on October 20, so that this woman could return to Senegal to deliver some gifts.

Thiam is married to a United States citizen and has two children. She claims she received medical care in the United States for her pregnancy during the time that DHS alleges she was out of the United States, including a doctor visit on October 24, 2000. The record shows that she kept her obstetric appointments in September, October and November and gave birth in January 2001.

Thiam also claims that the IJ erred in denying her request for a continuance in the removal proceedings to allow for the adjudication of the Immigrant Visa Petition filed on her behalf by her husband–a form of discretionary relief. The government responds that although this issue was brought before the BIA and the BIA responded,

the administrative record and joint appendix are devoid of any such motion or ruling. At the October 19, 2004, hearing before the IJ, Thiam did request that the matter be reset due to a pending I-130 (Petition for Alien Relative).

The IJ determined that Thiam lacked credibility and was removable as charged. The IJ further determined that Thiam was unable to establish by clear and convincing evidence, in the face of the government's evidence, that she was lawfully admitted or that she never left the United States. The IJ was persuaded in its determination at least in part because of Thiam's involvement in multiple acts designed to defraud the government and because he found that it was highly implausible that Thiam would just hand over her passport and I-94 to another person for the purpose of delivering gifts that could be transported by way of international mail. The BIA did not summarily affirm, but in a short opinion determined that the IJ did not err in determining Thiam failed to meet her burden and that she was not credible.

## II.   DISCUSSION

"When the BIA adopts the IJ's decision, but adds reasoning of its own, we review both decisions." Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006). We review the order of removal using the substantial evidence standard and will reverse only if "'it would not be possible for any reasonable fact-finder to come to the conclusion reached by the administrator.'" Shahinaj v. Gonzales, 481 F.3d 1027, 1028 (8th Cir. 2007) (quoting Menendez-Donis v. Ashcroft, 360 F.3d 915, 918 (8th Cir. 2004)). "We will defer to an IJ's credibility finding when it is supported by a specific, cogent reason for disbelief." Mohamed v. Ashcroft, 396 F.3d 999, 1003 (8th Cir. 2005).

Thiam is unable to overcome her burden on appeal. There is substantial evidence supporting the BIA's and the IJ's determinations in this case. Even though Thiam testified that she attended her obstetric appointments during the months of

October and November, nothing in the record belies the credible evidence that Thiam's passport left the United States on October 20, 2000. Further, we agree that it is not plausible that Thiam would have given her passport and I-94, her only forms of identification, to a woman in order to deliver packages to Senegal. Thiam's previous involvement in fraud also cuts against her credibility in the instant case. In the end, regardless of our actual beliefs or determinations, there is substantial evidence to support the agency's determinations.[1] We cannot say that Thiam's evidence was so compelling that it would not be possible for any reasonable fact-finder to come to the conclusion reached.

Finally, even if we were to find that Thiam moved for a continuance before the IJ (a filing we have failed to discover and Thiam has failed to produce), we lack jurisdiction to entertain Thiam's claim. As it currently stands, we have held that section 8 U.S.C. § 1252(a)(2)(B) bars review of the IJ's discretionary denial of a motion to continue. Ikenokwalu-White v. Gonzales, Nos. 05-3920, 06-2861, 2007 WL 1964645, at *4 & n.2 (8th Cir. July 9, 2007).

---

[1]Thiam argued for the first time at oral argument that the government failed to meet its alleged burden of proving (1) not only departure on October 20, 2000, but also (2) subsequent entry in a foreign port, citing In the Matter of T, 6 I&N Dec. 638 (BIA 1955). In Matter of T, a lawful permanent resident alien boarded a vessel and traveled to Europe. Upon his arrival, he was detained because he lacked documentation and was then returned to the United States after being refused entry at various foreign ports. The BIA held that as a result he was not seeking entry into the United States because he had been refused entry at the foreign ports and had thus effectively never left. "Ordinarily, we do not consider an argument raised for the first time on appeal." Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002). We note, however, that we have no evidence of Thiam's denial of admission at a foreign port, as would be required if the Matter of T analysis were to be relevant. And, were this evidence to be submitted, it would be Thiam's burden to do so. In these removal proceedings, Thiam had the burden to establish "by clear and convincing evidence, that [she] is lawfully present in the United States pursuant to a prior admission." 8 U.S.C. § 1229a(c)(2)(B).

## III. CONCLUSION

For the foregoing reasons, we deny Thiam's petition for review.

_____