# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2276

_____

Lamilem Badasa,                             *
                                            *
            Petitioner,                     *
                                            *   Petition for Review of an Order
       v.                                   *   of the Board of Immigration
                                            *   Appeals.
Michael B. Mukasey, Attorney                *
General of the United States,               *
                                            *
            Respondent.                     *

_____

Submitted: March 14, 2008
Filed: August 29, 2008

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Lamilem Badasa entered the country illegally using a fraudulent Italian passport. She later applied for asylum under 8 U.S.C. § 1158 and for relief under Article III of the Convention Against Torture. The Immigration Judge (IJ) found that Badasa had submitted fraudulent documents designed to establish her identity, and that her claim was not credible. The Board of Immigration Appeals (BIA) initially dismissed her administrative appeal, concluding that Badasa had failed to establish her identity. Badasa moved to reopen her case based on a travel document recently acquired from the Ethiopian government, known as a *laissez-passer*, which Badasa

alleged would establish her identity. Noting that the Department of Homeland Security (DHS) concurred in the motion, the BIA reopened the case and remanded it to the IJ for further consideration.

On remand, the DHS submitted several documents designed to explain the purpose of a *laissez-passer*, and argued that the document did not establish identity and nationality, but rather was "simply the granting of the authorization for an alien to travel to or from that country." After considering evidence presented by the parties, including information submitted by the DHS from an Internet website known as Wikipedia, the IJ found that the *laissez-passer* is a single-use, one-way travel document that is issued based on information provided by the applicant. On this basis, the IJ concluded that the Ethiopian government's issuance of the travel document did not change her prior decision regarding Badasa's failure to prove her identity, and therefore denied the application for asylum.

The BIA dismissed Badasa's appeal, concluding that the IJ's determination that the *laissez-passer* travel document was insufficient to establish Badasa's identity was not clearly erroneous. The BIA stated that it did "not condone or encourage the use of resources such as Wikipedia.com in reaching pivotal decisions in immigration proceedings," and commented that the IJ's decision "may have appeared more solid had Wikipedia.com not been referenced." The BIA declined, however, to find that Badasa was prejudiced, because without considering Wikipedia, the BIA believed the IJ's conclusion "was supported by enough evidence to find no clear error."

We conclude that the case must be remanded for further proceedings, because the BIA failed adequately to explain its conclusion that Badasa did not establish her identity. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94-95 (1943). The BIA did not adopt the entirety of the IJ's reasoning for rejecting Badasa's claim. Rather, the BIA acknowledged that it was improper for the IJ to consider information from Wikipedia in evaluating Badasa's submission on remand, and the government does not dispute

that conclusion here. Wikipedia describes itself as "the free encyclopedia that anyone can edit," urges readers to "[f]ind something that can be improved, whether content, grammar or formatting, and make it better," and assures them that "[y]ou can't break Wikipedia," because "[a]nything can be fixed or improved later." Wikipedia: Introduction, http://en.wikipedia.org/wiki/Wikipedia:Introduction (last visited August 7, 2008). Wikipedia's own "overview" explains that "many articles start out by giving one – perhaps not particularly evenhanded – view of the subject, and it is after a long process of discussion, debate, and argument that they gradually take on a consensus form." Wikipedia: Researching with Wikipedia, http://en.wikipedia.org/wiki/Wikipedia:Researching_with_Wikipedia (last visited August 7, 2008). Other articles, the site acknowledges, "may become caught up in a heavily unbalanced viewpoint and can take some time – months perhaps – to regain a better-balanced consensus." *Id.* As a consequence, Wikipedia observes, the website's "radical openness means that any given article may be, at any given moment, in a bad state: for example, it could be in the middle of a large edit or it could have been recently vandalized." *Id.* The BIA presumably was concerned that Wikipedia is not a sufficiently reliable source on which to rest the determination that an alien alleging a risk of future persecution is not entitled to asylum. *See also Campbell v. Sec'y of Health and Human Servs.*, 69 Fed. Cl. 775, 781 (Fed. Cl. 2006) (observing that a review of the Wikipedia website "reveals a pervasive and, for our purposes, disturbing set of disclaimers"); R. Jason Richards, *Courting Wikipedia*, 44 Trial 62 (Apr. 2008) ("Since when did a Web site that any Internet surfer can edit become an authoritative source by which law students could write passing papers, experts could provide credible testimony, lawyers could craft legal arguments, and judges could issue precedents?").

The BIA did say that Badasa was not prejudiced by the IJ's reliance on Wikipedia, but it made no independent determination that Badasa failed to establish her identity. Whereas the BIA sometimes applies a "harmless error" standard when an IJ considers improper evidence or makes other procedural error, *see Matter of*

*Santos*, 19 I. & N. Dec. 105 (BIA 1984); *In re Samuel Cardona*, 2008 WL 1734684 (BIA 2008); *In re Juan Jose Flores-Amezcua Eulalia Pereda*, 2004 WL 2943392 (BIA 2004), and thereby evaluates whether the error affected the IJ's ultimate conclusion, the BIA here determined only that there was sufficient evidence, other than Wikipedia, to establish that the IJ's finding was not "clear error." This is the correct scope of review when an IJ has made findings of fact based on proper evidence, 8 C.F.R. § 1003.1(d)(3)(i), but application of the deferential "clear error" standard to this situation leaves us without a determination by the agency as to whether Badasa proved her identity. We know only that the BIA thinks that if, hypothetically, the IJ had not considered Wikipedia and reached the same conclusion, then that conclusion would not be clearly erroneous. But we do not know whether the IJ would have reached the same conclusion without Wikipedia, or whether (and, if so, why) the BIA believes that the IJ's consideration of Wikipedia was harmless error, in the sense that it did not influence the IJ's decision. Because the BIA's ultimate conclusion that Badasa failed to establish her identity is not adequately explained, we must remand for further proceedings. *See Shahinaj v. Gonzales*, 481 F.3d 1027, 1029 (8th Cir. 2007).

The petition for review is granted, and the case is remanded to the BIA.

_____