# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3164

_____

Jian He Zhang; Rong Lin

*Petitioner*s

v.

Eric H. Holder, Jr., Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 25, 2013
Filed: December 11, 2013

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Jian He Zhang and her husband, Rong Lin,[1] are natives of Changle City, Fujian Province of the People's Republic of China and petition for review of the Board of

_____

[1]Lin's case was consolidated with Zhang's petition, and he solely participates in this case as a derivative beneficiary of Zhang's petition. Thus, we provide no separate analysis for Rong Lin.

Immigration Appeals (BIA) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. After careful review, we conclude the Immigration Judge's (IJ) adverse credibility findings, adopted by the BIA, are not supported by substantial evidence in the record. We therefore grant the petition for review and remand the case for further proceedings.

I.

Zhang is a 38-year-old mother of two children. After entering the United States in December of 1998, Zhang submitted an application for asylum, claiming that while in China, government family-planning officials forced her to abort her second pregnancy pursuant to China's one-child policy. She also claimed that if made to return to China, she would endure further persecution. The Immigration and Naturalization Service asylum office denied the application, and the case was referred to Immigration Court.[2] The IJ denied Zhang's asylum application, and the BIA dismissed Zhang's subsequent appeal. Petitioners then sought review in the Second Circuit Court of Appeals, and, in a Stipulation and Order, the Second Circuit remanded the record for the BIA to consider whether the statements on the Notice to Appeal were sufficiently detailed. Although determining that the statements were sufficient, the BIA remanded the case for a new hearing due to the IJ's failure to render an adequate decision as to Zhang's claim that she had a well-founded fear of future persecution. Following the remand, a motion to change venue to the jurisdiction of the Eighth Circuit was filed and granted.

At the new hearing, Zhang testified that after she bore a son in 1991, China's family-planning officials forced her to have an intrauterine device (IUD) implanted

---

[2]Before the denial of the application, the Department of Homeland Security, through a supervisory asylum officer, issued a Notice to Appear charging Zhang with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).

to prevent further pregnancy. Zhang eventually had the device removed and discontinued the required IUD check-ups. She testified that she became pregnant in February of 1993 and that her husband, Lin, fled from China on April 3, 1993 for fear that the state would compel his sterilization. On the night of April 15, 1993, government family-planning officials removed Zhang from her home, arrested her for violating the one-child policy, and forced her to undergo an abortion at the Jin Feng Hospital in Fujian Province. Zhang testified that after the procedure, she requested evidence of the forced abortion and a nurse provided her with a photograph of the aborted fetus. Zhang also received an outpatient record requiring her to undergo a second IUD implantation one month after the abortion.

After the second IUD implantation, Zhang decided to join her husband in the United States due to China's prohibition against her giving birth to another child while living in China. Zhang testified that after relocating to the United States, she had the second IUD removed and later gave birth to a daughter.

In support of her asylum application, Zhang submitted the photograph of the aborted fetus, an official Jin Feng Hospital outpatient record confirming Zhang's abortion and the mandatory second IUD implantation, and letters from her friends and family members attesting to Zhang's forced abortion. Zhang also submitted the U.S. State Department's Profile of Asylum and Country Conditions 2007 report referencing the Fujian Provincial Birth Planning Committee's acknowledgment "that during the 1980s and early 1990s there were isolated cases of forced abortion and sterilization." A.R. 104. The report also noted a former birth-planning officer's testimony before the United States House of Representatives that involuntary abortions were performed as late as 1998. Id.

At the conclusion of the second hearing, the IJ found that Zhang lacked credibility, and accordingly, that she had failed to establish proof of past persecution. The IJ outlined seven implausibilities undermining Zhang's testimony, only three of

which were expressly adopted by the BIA and are reviewable by this court.  Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).  First, the IJ found it implausible that Zhang would request a photograph of her aborted fetus after the alleged forced abortion.  Second, the IJ noted that "the household register was issued on April 15, 1993, by coincidence the very same day the alleged forced abortion took place."[3] Third, the IJ noted that Zhang submitted an original letter allegedly written by her sister to the IJ dated November 18, 2009 that did not show fold lines to be expected if it was indeed mailed in the accompanying envelope.

The BIA affirmed the IJ's adverse credibility determination relying solely on the three areas of implausibilities and agreed that Zhang failed to prove past persecution.  Zhang and Lin now petition this court for review.[4]  We acknowledge that Petitioners raise several issues on appeal, but we limit our discussion to the critical adverse credibility determination.

## II.

"We review a denial of asylum for abuse of discretion and apply the deferential substantial evidence standard in evaluating the [BIA's] factual findings."  Bracic v. Holder, 603 F.3d 1027, 1034 (8th Cir. 2010).  "Only the BIA order is subject to our

---

[3]A household register is an official record issued as part of China's household registration system that "documents not only the legitimate residence of a person — differentiating rural and urban residents — but also the allocation of various services, such as food assistance and schooling."  A.R. 109.  If an individual is unmarried or still living with his or her parents, he or she may not have a registration booklet but may be included on the head of household's registration.  A.R. 110.

[4]The BIA also affirmed the IJ's determination that Zhang failed to establish a well-founded fear of future persecution.  Because we find the reasons supporting the credibility determination insufficient, we need not address the issue of well-founded fear.

review, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." Fofanah, 447 F.3d at 1040. The IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252 (b)(4)(B).

Under the Immigration and Nationality Act, the Attorney General may grant asylum to any alien who is a "refugee." 8 U.S.C. § 1158(b)(1). "A 'refugee' is an alien unwilling to return to her home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Zheng v. Gonzales, 415 F.3d 955, 959 (8th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)). "The term, 'refugee,' includes 'a person who has been forced to abort a pregnancy or to undergo involuntary sterilization.'" Yang v. Gonzales, 427 F.3d 1117, 1120-21 (8th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(B)). Credible testimony is required to carry petitioner's burden of proof to show this per se ground of asylum. See Singh v. Gonzales, 495 F.3d 553, 559 (8th Cir. 2007) ("Without a finding of credible testimony to demonstrate past persecution . . . the asylum claim must fail."). If the applicant establishes past persecution, he or she is "presumed to possess a well founded fear of future persecution and the burden shifts to the government to show . . . that conditions in the applicant's country have changed to such an extent that the applicant no longer has a well founded fear of being persecuted if he or she were to return." Hasalla v. Ashcroft, 367 F.3d 799, 803 (8th Cir. 2004).

Zhang argues that the BIA erred by adopting the IJ's credibility determination and discrediting her claim of past persecution in the form of a forced abortion. Zhang maintains that the IJ's credibility findings are not supported by the record and specifically contends that the IJ ignored relevant evidence and engaged in impermissible speculation. We agree.

Although we generally defer to the IJ's credibility findings, our deference is restrained when the IJ's expressed reasons reflect improper bias or impermissible speculation. See Chen v. Mukasey, 510 F.3d 797, 802 (8th Cir. 2007). It is not enough that the IJ provide specific reasons for disbelieving the applicant's testimony, but those reasons must also be convincing and supported by the record. Onsongo v. Gonzales, 457 F.3d 849, 853 (8th Cir. 2006); see also Shahinaj v. Gonzales, 481 F.3d 1027, 1029 (8th Cir. 2007). We conclude that the reasons underlying Zhang's adverse credibility determination are inadequately explained and unsupported by the record.

We first reject as unsupported by the record and completely speculative the IJ's finding that it is implausible that Zhang would request a photograph of the aborted fetus. In fact, Zhang did not so testify. Instead, she testified that she demanded that the medical personnel "give [her] evidence" of the abortion so that her husband would know what had occurred. A.R. 258. In response, a nurse provided her the photograph.

Also unsupported is the finding that it is implausible that "lead respondent's household register would be issued on the same day as her alleged abortion." A.R. 4. Zhang submitted into evidence an outpatient record issued by the Jin Feng Hospital, confirming that the abortion occurred on April 15, 1993. The IJ did not address this document when considering Zhang's testimony relating to her forced abortion nor did the IJ provide any reasons to discredit the document's authenticity. Thus, the IJ finding that it is implausible that the two events would occur on the same day is unexplained, unsupported by notice of any facts outside of the record or by any reference to the record itself, and "beyond ordinary judicial competence." Lin v. U.S. Dep't of Justice, 453 F.3d 99, 111 (2d Cir. 2006).

Finally, the unfolded letter does not undermine Zhang's testimony relating to her forced abortion. Although the letter requests that the IJ review the documents

-6-

supplied in favor of Zhang and Lin's asylum petition, the letter makes no reference to the Zhang's forced abortion. Thus, the inconsistency, if any, is minor, and "minor inconsistencies and omissions will not support an adverse credibility determination." Onsongo, 457 F.3d at 853 (quoting Jalloh v. Gonzales, 423 F.3d 894, 898 (8th Cir. 2005)).

Notably, the record includes other letters, one from her father and one from her in-laws, both acknowledging Zhang's forced abortion. The BIA neither addressed nor discredited these letters, and we find no reason to ignore them now. Therefore, even assuming that the IJ rightfully rejected the November 18, 2009 letter, other letters were available to support Zhang's testimony about her forced abortion.[5]

III.

In light of the above concerns, we hold that the adverse credibility determination was not supported by substantial evidence in the record. The IJ engaged in impermissible speculation and improperly relied on a minor inconsistency. As such, the BIA erred in affirming the IJ's decision that Zhang did not establish past

---

[5]While we make no determination regarding Zhang's credibility, we emphasize the need for the IJ to fully consider the record. Zhang has submitted official documentation from the hospital that confirms the abortion. Zhang also presented an official government report which contains evidence that forced abortions were in effect during the time period Zhang claims to have been forced to undergo an abortion. The report also includes testimony that involuntary abortions occurred as late as 1998. As we have stated before, "petitioners cannot be expected to get substantial documentation from their persecutors." Ombongi v. Gonzales, 417 F.3d 823, 826 (8th Cir. 2005). Accordingly, "testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.13(a). However, in this case, we do have corroborating documents presented by the Petitioners. We believe these documents provide support to Zhang's testimony relating to her forced abortion and should be considered on remand.

persecution. We grant Zhang's petition for review and remand this case to the BIA for further proceedings in accordance with this opinion.

_____