ACCEPTED
03-15-00110-CR
5871553
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/29/2015 6:30:53 PM
JEFFREY D. KYLE
CLERK

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/29/2015 6:30:53 PM
JEFFREY D. KYLE
Clerk

No. 03-15-00110-CR

IN THE THIRD COURT OF APPEALS

AT AUSTIN, TEXAS

THOMAS KRAUSZ

v.

THE STATE OF TEXAS

On Appeal from  299TH District Court

Of Travis County, Texas

Honorable KAREN SAGE, County Court Judge Presiding

APPELLANT'S BRIEF

Cherie A. Ballard
Ballard & Mullowney, P.C.
Attorney for Appellant
900 Ranch Road 620 South
Suite C101-205
Austin, Texas 78734
(512) 261-9541
 (512) 261-9570 fax
State Bar Number 01650010

ORAL ARUGMENT REQUESTED

No. 03-15-00110-CR
Thomas Krausz v. The State of Texas

Thomas Krausz, Appellant
Thomas Krausz
Travis State Jail
Austin, TX

Trial Counsel
John F. Campbell
SBN:03709000
4408 Spicewood Springs Road
Austin, Texas 78759

Appellate Counsel
Cherie A. Ballard
SBN: 01650010
Ballard & Mullowney, P.C.
900 Ranch Road 620 South
Suite C101-205
Austin, Texas 78734

Trial and Appellate Counsel for the State of Texas, Appellee

Stephanie Kate Sweeten
Assistant District Attorney
SBN: 34060693

Allison Blair Wetzel
Assistant District Attorney
SBN: 02413500

Rosemary Lehmberg
Travis County District Attorney
P.O. Box 1748
Austin, Texas 78767

# Table of Contents

Identity of Parties and Counsel ……………………………………………………… i

Table of Contents ……………………………………………………………… ii

Index of Authorities …………………………………………………...…………iii, iv


Points of Error

Point of Error 1:
The trial court erred in sustaining the State's objection to Defendant's exhibit 1and as a result committed constitutional error requiring a reversal under Rules of Appellate Procedure Rule 44.02 (a)……...................................................……….v

Point of Error 2:
The verdict is not supported by legally sufficient evidence to sustain the Appellant's conviction for possession of a prohibited weapon ………………….v


Statement of the Case …………………………………………………….......vi-vii

Statement of Facts …………………………………………………….…....vii-viii

Summary of the Argument …………………………………………….........viii

Arguments and Authorities ……………………………………….…….…1 - 12

Conclusion ……………………………………………………..……..12

Prayer for Relief ………………………………………………..……….13

Certificate of Compliance ……………………………………………..14

Certification of Service ………………………………………..…………14

# Index of Authorities

Statutes

      Art. 15.05 (2) Code of Criminal Procedure ....................................8

      Rule 44.2(a) of the Texas Rules of Appellate Procedure .........4,12

      Texas Rule of Evidence 702 .......................................................10

      Texas Rule of Evidence 801(e)(2) ................................................3

      TEX. PENAL CODE ANN. Section 46.05 (a)(4) (Vernon 1994) .12

      TEX. PENAL CODE ANN. Section46.01 (4) ………….……..…12

Cases

      Adair v. State, 03-11-00318-CR, Court of Appeals of Texas,
Third District, Austin, 2013 ..................................................... 2,4

      Arcement v. State, 06-08-00130, 6th District Court of Appeals -
Texarkana (unpublished opinion) .....................................................9

      Badasa v. Mukasey, 540 F.3d 909,910-11 (8th Cir. 2008)..........8

      Cortez v. State, 091411 Tex. Crim. App. - 76,101
(unpublished opinion, 2011)......................................................10

      Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004) …...3,4

      Freeman v. State, 230 S.W. 3rd 392 (Tex. App. -Eastland 2007)...10

      Goonan v. State, 334 S.W. 3rd 357 (Tex. App. - Forth Worth 2011).10

      Hammer v. State, 296 S.W.3d 555, 561 (Tex.Crim.App. 2009)..........5

      Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989…........2

Hernandez v. State, 116 S.W.3d 26 (Tex. Crim. App. 2003)......10

Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979)....…..........................................................................11

In Li v. Holder No. 09-60551, (United States Court of Appeals, Fifth Circuit) ...................................................................8

McCormick v. State, 10-11-00128, 10th District Court of Appeals

 - Waco, (unpublished opinion) ...................................................9

Martinez v. State, 924 S.W. 2d 693,696 (Tex. Crim. App. 1996).11

McDonald v. State, 179 S.W. 3rd 571, 576 (Tex. Crim. App. 2005)..................................................................2

Miles v. State, 357 S.W. 3d 629 (Tex. Crim. App. 2011) .........9

Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) .2

Nwosoucha v. State, 325 S.W. 3rd 816 (Tex. App. - Houston [14th District] 2010)..................................................................10

Potier v. State, 68 S.W.3d 657, 665 (Tex.Crim.App. 2002)…..…........5

Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008)…................…...…………………....…..…1

Ray v. State, 178 S.W.3d 833, 836 (Tex.Crim.App. 2005) ...........5

Shuffield v. State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006)..2

Watson v. State, 204 S.W. 3rd 404 (Tex. Crim. App. 2006)..........9

Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000)…....2

Wilson v. State, 451 S.W.3d 880 (Tex.App.-Houston [1st Dist.] 2014) .5

iv

## Points of Error

Point of Error 1:

The trial court erred in sustaining the State's objection to Defendant's exhibit 1and as a result committed constitutional error requiring a reversal under Rules of Appellate Procedure Rule 44.02 (a)

Point of Error 2:

The verdict is not supported by legally sufficient evidence to sustain the Appellant's conviction for possession of a prohibited weapon.

No. 03-15-00110-CR

IN THE THIRD COURT OF APPEALS

AT AUSTIN, TEXAS

THOMAS KRAUSZ

v.

THE STATE OF TEXAS

On Appeal from  299TH District Court

Of Travis County, Texas

Honorable KAREN SAGE, County Court Judge Presiding

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS:


Statement of the Case

      This is an appeal from a criminal bench trial in which the Defendant plead not guilty to the offense of  Possession of a Prohibited Weapon under section

vi

46.05(a)(4) of the Texas Penal Code and plead guilty on Burglary of a Habitation, under section 30.02 of the Texas Penal Code, and Theft of a Firearm, under section 31.02(e)(4)(C) of the Texas Penal Code. Judge Sage found the Appellant guilty of all charges and assessed punishment of five years in the Institutional Division of the Texas Department of Corrections for the Possession of a Prohibited Weapon, sixteen years in the Institutional Division of the Texas Department of Corrections for the Burglary of a Habitation and two years in State Jail on the Theft of a Firearm.

Appellant Waived his right to appeal the convictions on the Burglary of a Habitation and the Theft of a Firearm. Appellant is appealing the conviction and the punishment assessed on the Possession of a Prohibited Weapon charge.

## Statement of Facts

In a trial before the Court, Appellant plead guilty to the offense of Burglary of a Habitation (R.R. Vol. 2, page 10, line 15) and Theft of a Firearm (R.R. Vol. 2. page 10, line 20) Appellant plead not guilty to the offense of possession of a prohibited weapon: firearm silencer under TEX. PENAL CODE ANN. Section 46.05(a)(4). (R.R. Vol. 2, page 11, line 17.)

Appellant waived his right to appeal on the Burglary of a Habitation case and on the Theft of a Firearm case. Appellant did not waive his right to appeal on the instant case (C.R. page 46).

On October 9, 2013, Appellant was arrested for Burglary of a Habitation and Theft of a Firearm charges. He was arrested in his vehicle: a black Chevy Trailblazer (R.R. Vol. 2, page 105, line 1) An inventory search was conducted on (R.R. Vol. 2, page 101, line 5). A number of items from the back of the Appellant's car were tagged as evidence and photographed by an Austin Police Department crime scene specialist. (R.R. Vol. 2, pages 104 - 106) The items photographed included a water bottle with black electrical tape. (R.R. Vol. 2. page 105, lines 14-21) (R.R. Vol. 4, State's exhibits 58, 60, 70, 76-79) This water bottle with black electrical tape is the subject of the charge of Possession of a Prohibited Weapon: a firearm silencer charge.

## Summary of the Argument

Appellant asserts that the trial court erred in finding him guilty of the charge of Possession of a Prohibited Weapon: a firearm silencer. Appellant asserts that there is insufficient evidence to support the verdict Appellant believes that the verdict should be overturned. The Appellant further asserts

that the Court committed reversible error in sustaining the State's hearsay objection to the Defense Exhibit 1 and committed error that was calculated to cause and probably did cause the rendition of an improper judgment. Further the verdict was not supported by legally sufficient evidence.

Argument and Authorities

Point of Error 1:
The trial court erred in sustaining the State's objection to Defendant's exhibit 1and as a result committed constitutional error requiring a reversal under Rules of Appellate Procedure Rule 44.02 (a)


In this trial before the Court, Judge Sage excluded evidence proffered by the Appellant's trial counsel. This excluded evidence was the Austin Police Department (APD) lab report on the "water bottle with black electrical tape". (R.R. Vol. 2. page 105, lines 14-21) (R.R. Vol. 4, Defendant's exhibit 1). Appellant's trial counsel attempted to enter Defendant's exhibit 1 while cross examining the State's witness Officer Adrian Chopin. The State objects to the APD lab report as hearsay (R.R. Vol. 2, page 124, lines 21-23). Appellant's trial attorney asserts that it is admissible as the report is a document provided to the Defendant by the State in discovery (R.R. Vol. 2, page 125, lines 3-5). The Judge then rules on the State's objection stating that, :"...under Crawford, it is clearly not admissible and is hearsay. So the State's objection is sustained". (R.R. Vol. 2, page 125, lines 12-14.)

The review of a trial court's decision to exclude evidence was proper is whether or not the judge abused her discretion on making the complained upon ruling. Ramos v. State, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). The test

1

for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, without reference to any guiding rules or principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) and Shuffield v. State, 189 S.W.3d 782, 793 (Tex.Crim.App. 2006).

In Adair v. State this Court stated, citing McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005), that a trial court abuses its discretion only when its decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." Adair v. State, 03-11-00318-CR, Court of Appeals of Texas, Third District, Austin, 2013. In harmless error review, the appellate court "should calculate as much as possible the probable impact of the error on the jury in light of the existence of other evidence". Wesbrook v. State, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000); Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). In the instant case, Appellant strongly believes that the evidence supports that the trial court "acted arbitrarily or unreasonably without reference to any guiding rules or principles" and was "so clearly wrong as to lie outside that zone within which reasonable persons might disagree".

The Trial Court erred in ruling that the APD lab report was hearsay. This

2

document is not hearsay it is an admission by a party opponent under Texas Rules of Evidence Rule 801(e)(2). By definition, a statement is not hearsay if the statement is offered against a party and is that party's own statement.

Texas Rule of Evidence 801(e)(2)  provides that a statement that meets the following conditions is not hearsay:

(A) the party's own statement in either an individual or representative capacity;

(B) a statement of which the party has manifested an adoption or belief in its truth;

(C) a statement by a person authorized by the party to make a statement concerning the subject;

(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the  existence of the relationship; or

(E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

Tex.R. Evid. 801(e)(2)(A)-(E).

The APD lab report, Defendant's exhibit 1 meets all the criteria for a statement against a party-opponent.  It was a document created by the Austin Police Department Forensic Science Services Division employee made in the scope of the employee's scope of employment and was authorized to make such a statement or document and which the State manifested an adoption or belief in its truth because it was provided to the Appellant is discovery, presumably as exculpatory evidence.

3

Further the Trial Court erred in citing Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004) as the reason this document was not allowed to be presented to the fact finder. As this Court well knows, Crawford v. Washington addresses the admissibility of out-of-court statements based upon the accused's Sixth Amendment right to confrontation not the State. Crawford cannot be used by the State to exclude evidence that does not support its theory of the case. The Trial Courts exclusion of Defendant's exhibit 1 was "so clearly wrong as to lie outside that zone within which reasonable persons might disagree". Adair v. State

Although no formal offer of proof is reflected in the record of this trial, Appellant asserts that his trial counsel did ensure that the record indicated what the excluded evidence would have been as Defendant's exhibit 1 is found in the Reporter's Record. (R.R. Vol. 4, Defendant's exhibit 1) and this Court can review the excluded evidence and do its duty in calculating "as much as possible the probable impact of the error on the jury in light of the existence of other evidence". Although there was no jury in the instant case, the Judge was the fact finder and did not have the benefit or reviewing the APD lab report in determining in guilt or innocence of the Appellant.

In addition to the case law discussed, the Texas Rules of Appellate Procedure addresses this issue. Rule 44.2(a) of the Texas Rules of Appellate

4

Procedure states:

> Constitutional Error. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

In Wilson v. State, 451 S.W.3d 880 (Tex.App.-Houston [1st Dist.] 2014) , the Court discusses the  meaning of the term constitutional error:

> "Generally, the erroneous admission or exclusion of evidence is nonconstitutional error . . . ". Erroneous exclusion of evidence can rise to the level of constitutional error, however, when the excluded evidence " forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." Potier v. State, 68 S.W.3d 657, 665 (Tex.Crim.App.  2002), Hammer v. State, 296 S.W.3d 555, 561 (Tex.Crim.App. 2009).

Appellant was denied the his constitutional right to presenting a defense.  The APD lab report includes information that would support that the plastic bottle with black tape was not consistent with a device used as a firearm silencer as it did not have a

5

method of attachment and that the item or device was presumably never used as a firearm silencer because the item "tested negative for the presence of lead, a key component in gunshot residue." (R.R. Vol. 4, Defendant's exhibit 10). This evidence "goes to the heart" of the Appellant's defense See Ray v. State, 178 S.W.3d 833, 836 (Tex.Crim.App. 2005) and as such the trial court committed reversible error in denying the admission of Defendant's exhibit 1. Appellant asserts that the Court committed error and that the error probably caused the rendition of an improper judgment in that the Appellant was denied the presentment of evidence which supported his defense: that the plastic bottle with black tape was not a firearm silencer.

<u>Point of Error 2:</u>
The verdict is not supported by legally sufficient evidence to sustain the Appellant's conviction for possession of a prohibited weapon

The State in the trial in the instant case, called two Austin police officers, Adrian Chopin and David Smith to elicit their opinion testimony regarding whether the plastic bottle with black tape was a firearm silencer. (R.R. Vol. 2, pages 112 -151). Appellant asserts that the testimony of these two offers was insufficient to establish that the plastic bottle was a device designed, made, or adapted to muffle the report of a firearm. Under the Texas Rules of Evidence Rule 701 for witnesses not testifying as experts the opinion testimony is limited to one

6

that is: (a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue. Officer Chopin's testimony regarding whether the water bottle with black tape was a firearms silencer went far beyond anything based on his own perception.

The Trial Court in announcing her verdict, stated that Officer Chopin and Detective Smith were firearms experts (R.R. Vol. 2, page 223, lines 6 - 11). Appellant alleges that Officer Chopin and Detective Smith were not qualified to express an expert opinion regarding the ultimate issue of the case. The record does not reflect that Officer Chopin has the technical or specialized knowledge to testify as to the ultimate issue of the case. The record shows his experience in his police training and the fact that he is a federal firearms licensee apparently gave him the knowledge to identify the water bottle as a firearm silencers. (R.R. Vol. 2, page 15.) The record reflects that Detective Smith's knowledge regarding firearm suppressors was a result his experience as a firearms instructor and police officer. (R.R. Vol. 2, page 143, line 13 -23). Further, Appellant alleges that the information these witness had regarding firearm silencers was acquired from the Affidavit of Warrant for Arrest and Detention for Possession of Prohibited Weapon (firearm silencer). The affidavit for Warrant of Arrest and Detention for Possession of Prohibited Weapon (firearm silencer), (C.R. , Vol. 1, pages 5 - 8)

7

cites Wikipedia to explain the purpose of a firearm silencer or suppressor. Additionally, the affidavit includes a cut and paste drawing or diagram of a BR Tuote Reflex Rifle Suppressor Cross-section. The Appellant discovered the presumed origin of the document (https://commons.wikimedia.org/wiki/File:ReflexSuppressor-WP-Drwg.png) on Wikimedia Commons which is a media file repository. On its Welcome page, Wikimedia Commons notes that "it uses the same wiki-technology as Wikipedia and everyone can edit it." (https://commons.wikimedia.org/wiki/Commons:Welcome)

The Appellant argues that Wikipedia and Wikimedia are not reliable resources to provide a sufficient factual basis to determine that the item in question was a firearm silencer as defined by the Texas Penal Code.

Per Article 15.05 (2) of the Code of Criminal Procedure, a complaint, which is the basis of an affidavit of Warrant for Arrest, must show that the accused has committed some offense against the laws of the State of Texas either directly or that the affiant has good reason to believe and does believe that the accused committed such offense. The affiant cannot and should not be allowed to come to the belief that the Appellant possessed a firearm silencer based on information from Wikipedia and/or Wikimedia Commons.

In <u>Li v. Holder</u> No. 09-60551, (United States Court of Appeals, Fifth Circuit), a petition for review and order of the Board of Immigration Appeals ruling, the Fifth Circuit determined that the use of Wikipedia was not sufficiently reliable source to show risk of future persecution by the individual seeking asylum in the case. The Court further noted that "[W]e agree with those courts that have found Wikipedia to be an unreliable source of information" and cited <u>Badasa v. Mukasey</u>, 540 F.3d 909,910-11 (8th Cir. 2008). <u>The Badasa</u> case, the Department of Homeland Security (DHS) used information from Wikipedia to explain and identify a type of document that was at issue in the case to an Immigration Judge. The Court goes on at length about concerns regarding the reliability of Wikipedia, stating the Wikipedia describes itself as "the free encyclopedia that anyone can edit" also noting that Wikipedia acknowledges that the "website's radical openness means that any given article may be, at any given moment, in a bad state: for example, it could be in the middle of a large edit or it could have been recently vandalized." <u>Badasa v. Mukasey</u> at 911. Wikipedia has been cited in a number of Texas appellate decisions, primary for the purpose of defining, explaining words, phrases or slang. In <u>Miles v. State</u>, 357 S.W. 3d 629 (Tex. Crim. App. 2011) the Court notes in a footnote that Wikipedia is "perhaps an acceptably authoritative source for street language or matters of current affairs in regards to certain

9

subcultures. Miles v. State at 645.  In Watson v. State, 204 S.W. 3rd 404 (Tex. Crim. App. 2006) in a footnote of this opinion Wikipedia was used to explain the term "faro" as a card game popular in the 19th Century. In McCormick v. State, 10-11-00128-CR an unpublished opinion out of the 10th District Court of Appeals - Waco, Wikipedia was used in a footnote to identify and define the term K2.  In Arcement v. State, 06-08-00130 and unpublished opinion out of 6th District Court of Appeals - Texarkana, the court used Wikipedia in a footnote to define and explain the website MySpace.  A survey of the Texas opinions referring to or citing Wikipedia shows that these references are not used for information requiring technical or specialized knowledge. See Freeman v. State, 230 S.W. 3rd 392 (Tex. App. -Eastland 2007), Goonan v. State, 334 S.W. 3rd 357 (Tex. App. - Forth Worth 2011),  Cortez v. State, 091411 Tex. Crim. App. - 76,101 (unpublished opinion, Court of Criminal Appeals Sept. 14, 2011) and Nwosoucha v. State, 325 S.W. 3rd 816 (Tex. App. - Houston [14th District] 2010).

To admit expert testimony, Rule 702 requires (1) the witness be qualified by knowledge, skill, experience, training, or education, (2) the proposed testimony be scientific, technical, or other specialized knowledge, and (3) the testimony assist the trier of fact to understand the evidence or to determine a fact in issue.

10

Tex. R. Evid. 702

The record reflects, as a result of the use of Wikipedia as source material, that the witnesses were not qualified by, knowledge, skill, experience, training, or education to testify to the ultimate issue: whether the plastic bottle was a firearm silencer and that the Appellant intended to use it for that purpose. Appellant further asserts that Officer Chopin and Detective Smith's testimony was not reliable and therefore inadmissible and that the trial judge abused her discretion in admitting the "expert" testimony of Officer Chopin and Detective Smith. See Hernandez v. State, 116 S.W.3d 26 (Tex. Crim. App. 2003).

A legal sufficiency review the evidence must be viewed in the light most favorable to the verdict. Martinez v. State, 924 S.W. 2d 693,696 (Tex. Crim. App. 1996). The issue is whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979). Appellant contends that any rational trier of fact would not find the essential elements of the crime beyond a reasonable doubt with the evidence presented at Appellant's trial.

Finally, both Officer Chopin and Detective Smith testified what the bottle with black tape was in their opinion. Officer Chopin testified that the bottle in question was baffled. That baffling is the bottles stacked in a series and that usually

firearm silencers have six baffles. (R.R. Vol. 2, page 116, line 21-25). Detective Smith testified that the bottle at issue had three chambers. The Court in her ruling made a finding that there were "at least two chambers." (R.R., Vol. 2, page 15-20) and that the testimony of Officer Chopin and Detective Smith indicated that several chambers would be required to muffle the sound of a gun being fired. Appellant suggests that two chambers or baffles, as the Court found the bottle to have is insufficient per the testimony she relied upon to make the determination that the bottle was in fact a firearm silencer.

In this case the State was required to prove beyond a reasonable doubt that the (1) Appellant (2) intentionally or knowingly (3) possesses, manufactures, transports, repairs, or sells a firearm silencer. TEX. PENAL CODE ANN. Section 46.05 (a)(4). Appellant contends that the State failed in its burden because it failed to establish any intent of Appellant by direct or circumstantial evidence also the State failed in its burden to prove that the item in question was a firearm silencer as defined by the Texas Penal Code section 46.01(4).

## Conclusion

The trial court made an constitutional error by denying Appellant the opportunity to present evidence to support his theory of the case: that the water

12

bottle with black tape was not a firearm silencer and was never intended to be used as one. The Court's erroneous ruling on sustaining the State's objection to the admissibility of Defendant's exhibit 1 requires this court to reverse the verdict pursuant to the Rules of Appellate Procedure, Rule 44.2(a)

Appellant asserts that there is insufficient evidence to support the verdict. The expert witnesses may have used or been influenced by information or data obtained by a totally unreliable source: Wikipedia and that the Court in her findings determined the bottle was a firearm silencer because it had "at least two chambers" when the evidence reflected, that there needed to be at least three chambers or baffles and that usually there are six baffles or chambers.

Appellant believes that the verdict should be overturned.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court overturns the finding of guilt and provides any remedy, in law or equity, in which this Court determines is necessary to ensure that justice is done.

13

Respectfully submitted,

   /s/ Cherie Ballard
Cherie A. Ballard
SBN: 01650010
Ballard & Mullowney, P.C.
900 Ranch Road 620 South
C 101-205
Austin, Texas 78734
(512) 261-9541
(512) 261-9570 fax
cherieballard@austin.rr.com

Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this brief contains 4,247 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

   /s/ Cherie A. Ballard
Cherie A. Ballard

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this corrected document was served via fax upon an attorney for the State, Kathryn A. Scales at Kathryn.Scales@co.travis.tx.us on June 25, 2015.

   /s/ Cherie A. Ballard
Cherie A. Ballard