# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-3303

_____

Akoi Samolu

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

No. 18-3694

_____

Akoi Samolu

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In these consolidated matters, Liberian citizen Akoi Samolu petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of an immigration judge (IJ), which denied asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Having jurisdiction under 8 U.S.C. § 1252, this court finds no basis for reversal.

Samolu was admitted to the United States as a lawful permanent resident in September 2015. In June 2016, a Minnesota court issued a two-year order of protection to Samolu's mother and sister, who were in immediate danger of domestic abuse from Samolu, and enjoined him from going near or entering their residence, or contacting them. In December 2017, Samolu pled guilty to violating the protection order. The Department of Homeland Security served him with a Notice to Appear (NTA), charging him with being removable. *See* 8 U.S.C. § 1227(a)(3)(E)(ii) ("[a]ny alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury" is deportable).

Samolu admitted the charge in the NTA and applied for asylum, withholding of removal, and relief under CAT based on his membership in the National Patriotic Front of Liberia (NPFL), the assault and torture by members of the Liberian Drug

Enforcement Agency (LDEA), and a fear of persecution as a gay man and gay rights activist.

At his hearing, Samolu claimed he was assaulted by LDEA agents and injured so severely he required hospitalization. Samolu offered inconsistent dates for his activities and the threats against him, conflicting sources of those threats, contradictory descriptions of his participation in the NPFL, and conflicting details of the attack by LDEA agents. His descriptions of the resulting injuries and treatment were contradicted by the medical record and found implausible by the IJ. Samolu stated he has a girlfriend in Liberia with whom he has a child and a continuing relationship. He also testified he is a gay man who has had sexual relationships with men, and was a gay rights activist. Samolu called himself a "swinger."

Based on Samolu's demeanor, responsiveness, his many inconsistent and contradictory statements, the totality of the circumstances, and lack of corroborating evidence to support his claims, the IJ found Samolu totally unreliable and his testimony not credible. The IJ concluded that Samolu "can't keep it straight" and "appeared to be making it up as he goes." The IJ denied relief and ordered Samolu's removal. The BIA affirmed, holding that in the absence of credible testimony and specific corroborating evidence, Samolu failed to meet his burden to establish eligibility for asylum, withholding of removal and protection under CAT.

This court reviews administrative findings of fact, including credibility determinations, under the substantial-evidence standard, affirming unless "any reasonable adjudicator would be compelled to conclude to the contrary."*Fesehaye v. Holder*, 607 F.3d 523, 526 (8th Cir. 2010) (burden of proof as to eligibility for asylum may be satisfied through applicant's testimony, but only if applicant satisfies the trier of fact that testimony is credible and persuasive). An IJ who sees the witness while testifying is in the best position to make credibility findings. *R.K.N. v. Holder*, 701 F.3d 535, 538 (8th Cir. 2012). When the BIA has adopted and affirmed the IJ's

adverse credibility findings, this court defers to those findings if they are supported by specific, cogent reasons for disbelief. *Id*. An IJ may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness; the inherent plausibility of the applicant's account; and the consistency between the applicant's statements and the internal consistency of such statement, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim. *See Chakhov v. Lynch*, 837 F.3d 843, 846 (8th Cir. 2016); 8 U.S.C. § 1158(b)(1)(B)(iii) (credibility standard for asylum claim); 8 U.S.C. § 1231(b)(3)(C) (same for withholding of removal). The agency was not required to accept Samolu's alternate explanations for any discrepancies in his testimony. *See Kegeh v. Sessions*, 865 F.3d 990, 996 (8th Cir. 2017) (agency was not required to accept petitioner's alternate explanations for inconsistencies if another explanation was reasonable). The adverse credibility determination was sufficiently supported, and no reasonable adjudicator would be compelled to reach a contrary conclusion.[1]

Appeal No. 18-3694 addresses a 28 U.S.C. § 2241 petition filed in the district court and transferred to this court as a petition for review of the final order of removal. In it, Samolu challenges his continued detention. This court lacks jurisdiction to consider Samolu's continued detention. *See* 8 U.S.C. § 1252(a)(5) ("sole and exclusive means" for judicial review of an order of removal is petition for review filed with a court of appeals); *Bah v. Cangemi*, 548 F.3d 680, 683 n.3 (8th Cir. 2008) (REAL ID Act "does not affect a district court's jurisdiction over habeas petitions challenging the detention associated with a removal order"). To the extent Samolu's transferred section 2241 petition seeks to challenge his continued detention, it is remanded to the district court for consideration in the first instance. This court expresses no views on the merits of any such petition.

---

[1]The separate opinion cites *Shahinaj v. Gonzales*, 481 F.3d 1027, 1029 (8th Cir. 2007). There, this court relied on the BIA's failure to explain the IJ's credibility determination and how it was supported. *Id*. Here, the BIA did explain the credibility determination, detailing many facts supporting it.

The petition for review in Appeal No. 18-3303 is denied. In Appeal No. 18-3694, the court remands the portions of the transferred petition challenging the detention associated with the removal proceedings or removal order to the district court for its consideration in the first instance.

KELLY, Circuit Judge, concurring in part and dissenting in part.

To establish his eligibility for asylum, Samolu was required to show that he was unwilling to return to Liberia because of past persecution, or a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). Samolu asserted that he satisfied this requirement based on: (1) his past membership in the NPFL, (2) his past assault and torture by members of the LDEA, and (3) his fear of persecution as a gay man and a gay-rights activist. I agree that, as to the first two claims, the IJ's adverse credibility determinations were based on "specific, cogent" reasons that are "convincing enough that a reasonable adjudicator would not be compelled to reach the contrary conclusion." Singh v. Gonzales, 495 F.3d 553, 557–58 (8th Cir. 2007).[2] But I find the IJ's reasoning as to the third claim more troubling.

The IJ and the BIA found Samolu's claim that he feared persecution as a gay man and gay-rights advocate incredible because he "was unable to reconcile the timing of his claimed homosexual relationship with the timing of his current relationship to the mother of his child." But early on in the asylum hearing, Samolu explained that he had multiple sexual preferences. And when the IJ later pressed Samolu on this issue, he explained,

---

[2] I also agree that this court lacks jurisdiction to consider Samolu's challenges to his continued detention in Appeal No. 18-3694, and I concur in the remand of that portion of the transferred petition.

as a gay in Africa, you can't open up who you are. You got to find a way to cover up your -- you've got to find a way to cover up all your sexuality. . . . [T]he easiest way is to have a kid and a wife -- or a girlfriend living with you. And that way, they will not look at you as gay. They will not think of you as gay.

This testimony is consistent with a country report, provided to the IJ before the hearing, stating that "[t]he law prohibits consensual same-sex sexual activity" in Liberia and that "discrimination against LGBTI persons is prevalent throughout the society, and violence against the community continue[s] to be a concern." The report notes that, for this reason, "LGBTI persons were cautious about revealing their sexual orientation or gender identities." To the extent that the IJ found Samolu's testimony incredible based on nothing more than his own view that a gay man could not be involved in a relationship with a woman, I cannot say that the IJ's conclusion was supported by "specific, cogent reasons." See Tian v. Barr, 932 F.3d 664, 669 (8th Cir. 2019) (adverse credibility determination based on the IJ's "personal beliefs and perceived common knowledge" was not supported by specific, cogent reasons); Shahinaj v. Gonzales, 481 F.3d 1027, 1029 (8th Cir. 2007) (adverse credibility determination based on "the IJ's personal and improper opinion" that the applicant "did not dress or speak like or exhibit the mannerisms of a homosexual" was not supported by specific, cogent reasons).

The court affirms the credibility determination based on the IJ's statements that Samolu's testimony was "totally unreliable" because he "c[ould not] keep it straight" and "appeared to be making it up as he goes." But these statements are also without adequate support. The IJ said that Samolu "can't keep it straight" in reference to Samolu's testimony about a romantic relationship he had with a man named Oliver. Although the IJ believed Samolu's testimony about this relationship was inconsistent, the record shows that the testimony *was* consistent and the IJ's contrary belief stemmed from the IJ's own misapprehension of Samolu's testimony. Similarly, the IJ provided only one example of where he thought Samolu "appeared to be making

it up as he goes"—Samolu's testimony "about churches being stoned as they held marriages for gay couples," which the IJ found was "not consistent with current country conditions." However, the IJ did not explain the basis for this conclusion and it contradicts the country report in the record.

For these reasons, I cannot agree that the IJ's credibility assessment on this claim was "sufficiently supported." I would grant the petition.

———————————————